Clarence L. Hoxie,
Maude M. Hoxie, Adm'x.,
vs.
Augustus A. Greene

No. 70599.

July 23, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $1,404.70.

This is an action in assumpsit brought to recover a balance alleged to be due for services rendered the defendant from approximately December 1919, to September, 1926.

The defendant was the owner of Harbor View Farm in North Kingstown. Clarence L. Hoxie came to work for him in the year 1918, receiving pay at the rate of $75 per month. In about

September, 1919, Mr. Hoxie went to Mr. Greene and said that he desired $100 per month. A contract was entered into but the parties to this suit are not in agreement as to what the terms of that agreement were. Mr. Hoxie's first wife died and he married his second wife, the present Maude M. Hoxie, on August 5, 1922. This suit was brought on January 17, 1927, and Mr. Hoxie's death was suggested upon the record on October 2, 1931.

Referring to the agreement, Mrs. Hoxie testified that her husband told her that, under the terms of the agreement made some time before, he was to receive $100 per month and "found". Mr. Greene, a man 75 years of age, testified that Mr. Hoxie wanted more money, wanted some cows; that if he could have some cows he thought he could make a go of it; that, "if I would furnish him the cows, why he thought that he could have a dairy route and make enough money to pay himself and I shouldn't be responsible for anything." According to Mr. Greene, that was the understanding, that he was to stock the farm and then was not to be responsible for any wages to Mr. Hoxie. He testified that he paid Mr. Hoxie $100 a month for approximately four months until the farm could be stocked and then paid him nothing more; that he remodelled the barn, bought cows, various implements and machines, and in all incurred an expense of fifteen or sixteen thousand dollars. Several years went by with apparently no controversy between employer and employee. In the early fall of 1926, Mr. Hoxie left the farm because, as Mrs. Hoxie testified, her husband was unable to get a settlement with Mr. Greene.

Neither side contends that the agreement was anything but oral. It is quite possible under such circumstances that there never was a meeting of the minds of the parties; that is, that neither ever understood the situation as the other did. The apparent honesty of the parties suggests this as the real cause of difficulty between them. However, the plaintiff bases her right of recovery on an agreement whereby she alleges that Mr. Hoxie was to be paid $100 per month. Such a contract, considering the capital outlay by Mr. Greene, does not seem to the Court reasonable. It must be admitted, however, that such might be the contract even though it was extremely favorable to Mr. Hoxie. The vital question is, has the plaintiff proved her version of the contract by a fair preponderance of the evidence. Mrs. Hoxie, herself, of course, testified only what she had been told. She was not present when the contract was entered into, nor was she told of it for some considerable time afterward. A book kept, as she said, by Mr. Hoxie, shows monthly entries charging for wages for Mr. Hoxie, $100. This to a certain extent bears out Mrs. Hoxie's testimony. On the other hand, on Mr. Greene's statement of the contract, Mr. Hoxie might have kept his book and charged himself for labor at the rate of $100 per month in order to determine whether the farm was actually paying or not. Against all this is the clear testimony of a living witness who did not appear to be shaken in cross-examination. Whatever the real facts may be respecting the contract, the Court thinks that the evidence before it does not show a fair preponderance for a contract such as the plaintiff claims to have existed. But, assuming a contract with provisions as claimed by the plaintiff, the amount owing to the estate of Mr. Hoxie, if any must be determined through the book already mentioned. Is it correct? Mrs. Hoxie was able to testify that it was correct after August 5, 1922, but could not testify in reference to it for the period prior to that date.

Added to this is the fact that large amounts paid Mr. Hoxie for milk do not appear to have been entered as

paid in the book. Mrs. Hoxie suggested a possible explanation. But a serious doubt is raised as to the correctness of the book and unfortunately, possibly for the plaintiff, there is no one who can by his evidence show that the entries are correct and that all the items which should be entered are entered.

The situation as to evidence in this case is unfortunate, but taking the evidence as submitted, the Court is of the opinion that the plaintiff has not proved by a fair preponderance of the evidence either that the contract was as contended for or that any amount under such a contract has been shown to be due.

Defendant's motion for the foregoing reasons is granted.

For plaintiffs: Pettine, Godfrey & Cambio.

For defendant: Edwards & Angell.